**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., and SEOUL VIOSYS CO. LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 4:26-cv-6154 |
| v. | ) ) | |
| Planar Systems, Inc. | ) ) | **Jury Trial Demanded** |
| Defendant, | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") and Seoul Viosys Co. Ltd. ("Seoul Viosys"), (collectively "Seoul" or "Plaintiffs") bring this Complaint against Defendant Planar Systems, Inc. ("Planar"), and state and allege as follows:

## NATURE OF THE ACTIONS

1. Seoul Semiconductor and Seoul Viosys bring this patent infringement action to protect their valuable patented technology relating to light emitting diodes ("LEDs") and LED lighting. An LED is a semiconductor device that converts electrical energy into light. LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, and smaller size.

2. Seoul Semiconductor was founded in 1992 with approximately 30 employees in a small space of a commercial building in Bongchen-dong, Seoul, Korea. From those initial 30 employees, Seoul Semiconductor has grown into one of the largest manufacturers of LEDs in the world. Its subsidiary, Seoul Viosys, is also a leading company in the LED industry.

1

3. Plaintiffs' success is in large part due to their significant investment in innovation and their respect for intellectual property. Seoul Semiconductor has invested in research and development ("R&D") for decades. Seoul Semiconductor invests over 10% of sales revenue into R&D and owns one of the largest LED patent portfolios in the world, which includes more than 10,000 patents worldwide.

## THE PARTIES

4. Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Plaintiff Seoul Viosys is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851. Seoul Viosys is a subsidiary of Seoul Semiconductor.

6. Upon information and belief, Defendant Planar Systems, Inc. is a corporation organized under the laws of the State of Oregon, with its principal place of business at 6799 NE Bennett Street, Hillsboro, Oregon 97124. Upon information and belief, Defendant is an affiliate of Leyard Optoelectronic Co., Ltd., located in China, and distributes LED products manufactured by this Chinese entity in the United States without undergoing substantial change.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

2

8.     This Court has personal jurisdiction over Planar because Planar, directly and/or through subsidiaries or intermediaries (including distributors, retailers and others), has committed and continues to commit acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Planar would not offend traditional notions of fair play and substantial justice. Planar, directly and through subsidiaries and intermediaries, has committed and continues to commit acts of infringement in this District, by among other things, making, using, importing, offering to sell, and/or selling products that infringe the Patents-in-Suit, as described herein.

9.     Planar operates a regular and established place of business within this district. In particular, as explained in Planar's website (https://www.planar.com/), maintains a Houston showroom located at 1400 North Sam Houston Parkway East, Suite 160:



3

According to Planar's website, marketing materials and social media, the Houston showroom serves as a location for marketing, demonstrations, customer meetings, training and sales-related activities.

10.     By way of example, Planar publishes a showroom brochure with the Houston address, urging readers to "Visit Our Houston Showroom" to see "the latest display technology from Leyard and Planar." On social media, Planar has promoted its Houston showroom in a "reimagined Houston Showroom Grand Opening" in April 2023, urging viewers to visit the Houston showroom "as we unveil our reimagined space packed with some of our most popular and award-winning fine pixel pitch LED #videowalls, LCD video walls and more!" Planar also used its Houston showroom as part of a stop on a Public Safety Roadshow in September 2023 "for discussions about creating exceptional operations centers." Planar used the Houston showroom to promote "hands-on product demonstrations," trainings about display technology, and "emerging technologies."

11.     Planar's website offers tours of its Houston showroom "where you can experience our display solutions firsthand." Planar lists the Houston showroom and has a form to schedule a tour "with a local team of experts who can help you find the best display solution for your local project," thereby directing customer inquiries generated in this District to Planar personnel responsible for marketing and selling the accused products. There is an entire page on Planar's website dedicated to the Houston showroom with a map, a form to set up a showroom tour (which allows a local Planar sales representative to contact the person who fills out the form), and an offer to have customers "join us in person at our Houston showroom." This same website page advertises Planar's LED monitors and displays and features local Texas "success stories." On Planar's social media, Planar has also advertised private tours of its Houston Showroom.

12.   Harris County appraisal records as of 2025 list Planar as the owner of $186,541 of business personal property registered to this address which consists, on information and belief, of display products such as LED screens and monitors for Planar's showroom.

13.   By advertising a Houston showroom to elicit contacts with customers for Planar's LED products, Planar has purposefully directed activities in this District, including, on information and belief, with respect to products that infringe Seoul's patents. On information and belief, the Houston showroom displays and demonstrates accused LED products, facilitates sales meetings to sell accused products, and serves as a location from which Planar advertises and offers the accused products for sale.

14.   From 2015 to October 2025, Planar provided digital display services to at least eight major Texas based organizations according to Planar's website, SEC filings and press sources, including but not limited to Patterson UTI, the City of Arlington, Texas Emergency Operations Center, the Performing Arts Center at Texas A&M University, Corpus Christi, and the Texas Motor Speedway. At least 13 Texas based companies list Planar as a brand that they use for contracts generally related to IT projects, according to filings with the Texas Department of Information Resources. Planar advertises several of these projects as "Customer Success Stories" on its website, featuring the Patterson-UTI project in Houston, Texas; the Arlington Emergency Operations Center in Arlington, Texas; and the Nebraska Furniture Mart of Texas in the Colony, Texas. These projects demonstrate that Planar has marketed, sold, installed, serviced and supported its accused display products throughout Texas for many years.

15.   Planar has also been active in shipping products to Texas. Between 2007 and 2026, Planar was named as the consignee for at least 49 import shipments where the final destination was Texas. On information and belief, these shipments included display products and components

relevant to the accused instrumentalities. Planar has also used a freight forwarding service in Texas called Expeditors, where Planar was the consignee between 2016 and June 2026 for at least seven shipments with addresses associated with Expeditors in Texas, which, on information and belief, also included products relevant to the accused instrumentalities.

16.     On information and belief, Planar also maintains employees in Texas, including in the Houston area. Current Planar employees in and around Houston, Texas include a Senior Manager – Business Development in Houston and a Regional Account Manager in Sugarland. Planar also appears to have employees based in other cities in Texas, including a regional sales manager, business development managers, a display system field engineer, central regional manager, field installation technician, lead installer, project manager, and application engineer. On information and belief, these employees work from Texas, service customers from Texas, conduct demonstrations in Texas, regularly interact with Texas customers, support installation and servicing of accused products, and assist in marketing and sales activities directed to customers within this District. Planar has featured some of these employees on its social media, including its Senior Business Development Manager whom Planar said was based in Houston, Texas and "has been an innovative technology advocate for more than 35 years" with a "unique mix of business development, engineering and project deployment experience."

17.     Based on press and Planar's social media, Planar has also participated in, sponsored and/or hosted several events in Texas, including a March 2024 "Public Safety Lunch & Learn" in Arlington, Texas; the ASU MIX Center (immersive media center) at the South by Southwest Festival in Austin, Texas; the Distributech conference in Dallas, Texas to connect companies in the electricity, smart grid and energy storage sectors; the display sponsor at the SEAT 2018 event in Dallas, Texas in which Planar said its "innovative LED and LCD display technology and video

walls" would be "prominent" throughout the event; a "Plug-in #Houston" with Almo Pro in Richardson, Texas; the AV Jumpstart 2019 "Lessons in Marketing" workshop in Dallas, Texas, and the DataVox Technology Tradeshow in Houston in September 2025.

18.     Based on all of the above, Planar has purposefully availed itself of the benefits of doing business in the State of Texas. These contacts are not isolated or sporadic; they reflect Planar's deliberate and ongoing business operations within Texas through physical business operations, employees, customer support, product demonstrations, marketing, training and sales activities directed toward Texas customers. Based on the foregoing allegations, Planar also intentionally places the accused products into the stream of commerce with the expectation that they will be purchased and used in Texas, including within this District.

19.     Venue is proper in this District under 28 U.S.C. §§ 1400(b). On information and belief, Planar has committed acts of patent infringement in this District and has maintained a regular and established place of business in this District through its Houston showroom and related business operations described above.

20.     Venue is also convenient in this District, and in any event, no less convenient to the parties than any other district.

**PATENTS-IN-SUIT**

21.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,288,838 ("the '838 patent") entitled "Unit pixel having light emitting device, pixel module and displaying apparatus", including the right to sue and to recover for infringement thereof. The '838 patent was duly and legally issued on April 29, 2025, by the United States Patent and Trademark Office. A copy of the '838 patent is attached hereto as Exhibit A.

22.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,156,498 ("the '498 patent") entitled "Light source for plant cultivation", including the right to sue and to recover for infringement thereof. The '498 patent was duly and legally issued on December 3, 2024, by the United States Patent and Trademark Office. A copy of the '498 patent is attached hereto as Exhibit B.

23.    Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 11,961,876 ("the '876 patent") entitled "Light emitting device and LED display apparatus including the same", including the right to sue and to recover for infringement thereof. The '876 patent was duly and legally issued on April 16, 2024, by the United States Patent and Trademark Office. A copy of the '876 patent is attached hereto as Exhibit C.

24.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,074,144 ("the '144 patent") entitled "Display device", including the right to sue and to recover for infringement thereof. The '144 patent was duly and legally issued on August 27, 2024, by the United States Patent and Trademark Office. A copy of the '144 patent is attached hereto as Exhibit D.

25.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,527,133 ("the '133 patent") entitled "Light emitting device and display apparatus including the same", including the right to sue and to recover for infringement thereof. The '133 patent was duly and legally issued on January 13, 2026, by the United States Patent and Trademark Office. A copy of the '133 patent is attached hereto as Exhibit E.

26.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,298,552 ("the '552 patent") entitled "Backlight unit and display apparatus having the same", including the right to sue and to recover for infringement thereof. The '552

8

patent was duly and legally issued on May 13, 2025, by the United States Patent and Trademark Office. A copy of the '552 patent is attached hereto as Exhibit F.

27.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 10,069,048 ("the '048 patent") entitled "Wafer-level light emitting diode package and method of fabricating the same", including the right to sue and to recover for infringement thereof. The '048 patent was duly and legally issued on September 4, 2018, by the United States Patent and Trademark Office. A copy of the '048 patent is attached hereto as Exhibit G.

28.     Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,520,543 ("the '543 patent") entitled "Light-emitting diode module having light-emitting diode joined through solder paste and light-emitting diode", including the right to sue and to recover for infringement thereof. The '543 patent was duly and legally issued on December 13, 2016, by the United States Patent and Trademark Office. A copy of the '543 patent is attached hereto as Exhibit H.

29.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 7,667,225 ("the '225 patent") entitled "Light emitting device", including the right to sue and to recover for infringement thereof. The '225 patent was duly and legally issued on February 23, 2010, by the United States Patent and Trademark Office. A copy of the '225 patent is attached hereto as Exhibit I.

30.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 7,572,653 ("the '653 patent") entitled "Method of fabricating light emitting diode", including the right to sue and to recover for infringement thereof. The '653 patent was

duly and legally issued on August 11, 2009, by the United States Patent and Trademark Office. A copy of the '653 patent is attached hereto as Exhibit J.

31.    Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,859,469 ("the '469 patent") entitled "Light emitting diode for surface mount technology, method of manufacturing the same, and method of manufacturing light emitting diode module", including the right to sue and to recover for infringement thereof. The '469 patent was duly and legally issued on January 2, 2018, by the United States Patent and Trademark Office. A copy of the '469 patent is attached hereto as Exhibit K.

32.    Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,397,269 entitled "Light emitting diode for surface mount technology, method of manufacturing the same, and method of manufacturing light emitting diode module" ("the '269 patent"), including the right to sue and to recover for infringement thereof. The '269 patent was duly and legally issued on July 19, 2016, by the United States Patent and Trademark Office. A copy of the '269 patent is attached hereto as Exhibit L.

**DEFENDANT'S KNOWLEDGE
OF THE PATENTS AND ITS INFRINGEMENT**

33.    On March 4, 2026, Seoul notified Planar and its affiliates, Leyard Optoelectronic Co., Ltd. and Planar Singapore Private Ltd., that certain Planar products infringed patents of Seoul, including the '838, '498, '876, '144, and '552 patents. Seoul identified accused products and demanded that Planar immediately cease and desist from further infringement of those patents.

34.    On March 15, 2026, Stephanie Hines, Planar's Executive Vice President and General Counsel, responded that Planar was unable to evaluate Seoul's infringement allegations because, according to Planar, the accused products had not been sufficiently identified and no

10

claim charts had been provided. Planar did not comply with Seoul's demand that it cease and desist from further infringement.

35.    On April 6, 2026, Seoul responded by explaining that its March 4 letter had specifically identified the accused products by model number and further advised that Planar, as the designer and manufacturer of those products, possessed or could readily obtain the technical information from its suppliers to evaluate infringement. Although under no obligation to do so, Seoul nevertheless offered to provide detailed claim charts upon execution of a reasonable non-disclosure agreement and enclosed a proposed agreement for that purpose.

36.    Planar did not respond to Seoul's proposed non-disclosure agreement or otherwise seek the offered claim charts. Instead, on information and belief, Planar continued making, using, offering for sale, selling, and/or importing the accused products. On June 3, 2026, Seoul again wrote to Planar, reiterating its infringement allegations and again requesting that Planar cease and desist its infringing conduct.

37.    On June 4, 2026, Ms. Hines responded on behalf of Planar, again asserting that Planar lacked sufficient information to evaluate Seoul's infringement allegations and representing that she would review the proposed non-disclosure agreement and follow up with Seoul. Despite that representation, Planar never responded regarding the proposed agreement, never sought the offered claim charts, and never advised Seoul that it had undertaken any investigation or intended to modify its conduct.

38.    On July 24, 2026, Seoul again notified Planar that additional Planar products infringed additional Seoul patents. Seoul specifically identified the infringing products and enclosed representative claim charts demonstrating infringement of multiple asserted patents, including the '838, '498, '876, '144, '133, '552, '048, '543, '225, '653, '469, and '269 patents.

Seoul also explained that it was providing the claim charts notwithstanding that it had no legal obligation to do so and again demanded that Planar immediately cease and desist from its infringing conduct.

39.     Despite receiving repeated notice of its infringement, repeated demands to cease and desist, multiple opportunities to investigate Seoul's allegations, and detailed representative claim charts explaining the basis for those allegations, Planar neither responded substantively nor identified any corrective action. Upon information and belief, Planar instead continued to make, use, offer for sale, sell, and/or import products that infringe the Asserted Patents. Planar's continued infringement after acquiring actual knowledge of the Asserted Patents and after receiving detailed infringement allegations and claim charts has been deliberate, knowing, willful, wanton, malicious, bad-faith, intentional, consciously wrongful, flagrant, or otherwise characteristic of a pirate, entitling Seoul to enhanced damages under 35 U.S.C. § 284.

## MARKING

40.     Plaintiffs have complied with 35 U.S.C. § 287.

41.     For example, to the extent Plaintiffs made, offered for sale, sold, or imported into the United States products covered by the asserted patents, Plaintiffs marked substantially all of such products and/or product packaging by fixing thereon the word "patent," along with those patent numbers or an internet address at which Plaintiffs posted information associating the patented products with their corresponding patent numbers in compliance with 35 U.S.C. § 287.

42.     Those    internet    addresses    include    the    following    URLs https://www.seoulsemicon.com/en/company/parent/certificates/patentportfolio        and https://www.seoulviosys.com/en/company/certificates - and reflect virtual marking patent lists that Seoul Semiconductor has been continuously updating since at least January of 2015. A copy of the

most recent virtual marking patent lists for Seoul Semiconductor and Seoul Viosys, respectively, are attached as Exhibit M and Exhibit N.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 12,288,838**
**<u>EXEMPLARY CLAIM 1</u>**

43.    Planar has infringed and continues to infringe one or more claims of the '838 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

44.    The Planar product is a display apparatus comprising a panel substrate and a pixel module disposed on the panel substrate, as shown in the photograph below.



45.    In addition, Planar's website provides the following description of the VDS product line, confirming that it is a display apparatus:



46.    The optical microscope image below on the left is an enlarged cross-sectional view of a portion of the pixel module. As the image further illustrates, the pixel module includes a circuit

13

board, and a plurality of light emitters longitudinally extending along a first direction and disposed on the circuit board. The optical microscope image below on the right is an enlarged top view of a portion of the pixel module after a molding has been removed from that portion. As the image further illustrates, the plurality of light emitters in the pixel module are arranged and aligned in a second direction crossing the first direction.



47.    The scanning electron microscope ("SEM") images below are enlarged cross-sectional views of a portion of an example light emitter. For these SEM images, a hole was milled into the LED chip using a focused ion beam ("FIB"). The example light emitter shown comprises a light emitting layer including a first conductivity type semiconductor layer, a second conductivity type semiconductor layer, an active layer interposed between the first and second conductivity type semiconductor layers, a first connection layer electrically connected to the first conductivity type semiconductor layer, a second connection layer electrically connected to the second conductivity type semiconductor layer, and a step adjustment layer disposed between the circuit board and the light emitting layer and covering a region of the light emitting layer. As the images further illustrate, the step adjustment layer includes an opening region that provides an electrical contact region between the first connection layer and the first conductivity type semiconductor layer.



48.     Defendant's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

49.     Defendant's infringement has occurred with knowledge of the '838 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

50.     Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 12,156,498**
**EXEMPLARY CLAIM 1**

51.     Planar has infringed and continues to infringe one or more claims of the '498 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

52.     The Planar product includes a light device comprising a light source module configured to emit light, as shown in the photograph below.



53.     The optical microscope image below is an enlarged top view of a portion of the light source module after a molding has been removed from that portion. As shown therein, the light source module includes a plurality of light emitters. Each grouping of three LEDs includes one red LED, one blue LED, and one green LED, which together generate the colored light corresponding to a pixel.



54.     FIB-SEM images showing cross-sections of three example light emitters are provided below. The first pair of FIB-SEM images show a first light emitter having a first active layer emitting light having a first peak wavelength within a first color wavelength band range. The second pair of FIB-SEM images show a second light emitter having a second active layer emitting light having a second peak wavelength within a second wavelength band range. And the third pair of FIB-SEM images show a third light emitter having a third active layer emitting light having a third peak wavelength different from the second peak wavelength.

16



55.    As shown by way of example in the photographs below, the light source module produces a plurality of types of light having different spectral patterns. Specifically, the photograph on the lower left shows a first type of light, and the photograph on the lower right shows a second type of light.



56.    The generation of various frequencies of light is also shown in the description of the VDS product line as obtained from Planar's website:



57.    As shown in the photographs below, the light source module includes a controller operable to turn on the light source module. The controller is configured to operate at least one of the first, second, or third light emitters to provide a first type of light having a first spectral pattern including a relatively high intensity of the first peak wavelength. Additionally, the controller is configured to operate at least one of the first, second, or third light emitters to provide a second type of light having a second spectral pattern including a lower intensity of the first peak wavelength. Furthermore, the controller is configured to independently control an emission intensity or an emission time of light emitted from at least one of the first, second, or third light emitters.



58.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

59.    Defendant's infringement has occurred with knowledge of the '498 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

60.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 3**
**INFRINGEMENT OF U.S. PATENT NO. 11,961,876**
**EXEMPLARY CLAIM 1**

61.    Planar has infringed and continues to infringe one or more claims of the '876 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

62.    The Planar product includes a display apparatus comprising a display substrate, as shown in the photographs below.





63.     The optical microscope image below is an enlarged top view of a portion of the display apparatus after a molding has been removed from that portion. As shown therein, the display apparatus comprises pixels arranged in a matrix, and each pixel comprises three emitters. As the image further illustrates, the second emitter within each grouping of three is disposed between the first and the third emitters.



64.     The FIB-SEM images below are enlarged cross-sectional views of a portion of three example light emitters. As shown by way of example in the FIB-SEM image, each of the first, the second, and the third emitters comprises a first semiconductor layer, a second semiconductor layer, and an active layer disposed between the first semiconductor layer and the second semiconductor layer. The active layer in each of the first, the second, and the third emitters includes a multilayer structure.



65.     The optical microscope image below-left shows a cross-sectional view of a portion of a module substrate. The module substrate is disposed between the display substrate (addressed above with respect to the first element of claim 1) and the pixels. The module substrate is shown with a first surface on which the pixels are arranged. The second surface opposite to the first surface of the module substrate is shown in the photograph below-right.



66.    As shown in the two photographs below, at least a portion of the driver is disposed on the back surface of the module substrate and is connected to the pixels on the front of the module via a connector.



67.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

68.    Defendant's infringement has occurred with knowledge of the '876 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

69.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 12,074,144
## <u>EXEMPLARY CLAIM 15</u>

70.    Planar has infringed and continues to infringe one or more claims of the '144 patent, including but not limited to exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

71.    The Planar product comprises a display device, as shown in the photograph below.



72.    Planar's website provides the following description of the VDS product line, confirming that it is a display device:



73.    The SEM image below is an enlarged cross-sectional view of a portion of a substrate. As shown therein, the substrate extends along a first direction and has a plurality of first

substrate electrodes and a plurality of second substrate electrodes that connect to a plurality of light sources disposed on the substrate and spaced apart from one another.



74.    Example light sources and associated substrate electrodes are also visible in the following optical microscope image of the front surface of the substrate.



75.    The SEM image below is an enlarged cross-sectional view of a single light source disposed on the substrate. As shown therein, at least one of the first substrate electrodes includes an upper side comprising a substantially flat region and a lower side comprising a substantially flat region disposed on the substrate. The first substrate electrode is electrically connected to a p-type electrode of the light source. Further, at least one of the second substrate electrodes includes an upper side comprising a substantially flat region and a lower side comprising a substantially flat region disposed on the substrate. The second substrate electrode is electrically connected to an n-type electrode of the light source.



76.    The optical microscope image below is a view of the mounting surface of the light source after removal from the substrate. As depicted in the SEM image above and the optical microscope image below, the width of the upper side of the first substrate electrode in the first direction is greater than that of the p-type electrode, and a width of the upper side of the second substrate electrode in the first direction is greater than that of the n-type electrode.



77.    The FIB-SEM images below are enlarged cross-sectional views of a portion of the light source. The light source comprises a light emitting layer having an n-type semiconductor layer, an active layer, and a p-type semiconductor layer, a p-type electrode disposed on the p-type semiconductor layer and electrically connected to the p-type semiconductor layer, and an n-type electrode disposed on the n-type semiconductor layer and electrically connected to the n-type semiconductor layer.



78.     Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

79.     Defendant's infringement has occurred with knowledge of the '144 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

80.     Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT 5
### INFRINGEMENT OF U.S. PATENT NO. 12,527,133
### EXEMPLARY CLAIM 10

81.     Planar has infringed and continues to infringe one or more claims of the '133 patent, including but not limited to exemplary claim 10, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

82.     The Planar product includes a display device comprising a panel substrate, as shown in the photograph below.

26



83.    Planar's website provides the following description of the VDS product line, confirming that it is a display device:



84.    The optical microscope image below is an enlarged cross-sectional view of a portion of a substrate disposed on the panel substrate.



85.    The optical microscope image below is an enlarged top view of a portion of the substrate. A partition layer is disposed on the substrate and configured to not transmit light.



86.    The partition layer is also shown in the cross-sectional SEM image below.



87.    The partition layer includes openings around the LEDs. This optical microscope image above includes eight opening regions. As the images further illustrates, a first light emitter is disposed on the substrate in a first opening region, a second light emitter disposed on the substrate in a second opening region, and a third light emitter is disposed on the substrate in a third opening region. The light emitters are configured to emit red light, green light, and blue light.

88.    The light emitters are electrically connected to circuits disposed on the panel substrate as indicated in the images below.





89.    Each of the light emitters of differing color (*i.e.*, red, green, and blue) have differing lateral sizes.

90.    The SEM image below is an enlarged cross-sectional view of a portion of the substrate and the light emitters disposed on the substrate. A distance between a side of the first light emitter and a side of the first opening region is different from a distance between a side of the third light emitter and a side of the third opening region. As the image further illustrates, a distance between the first light emitter and the third light emitter is different from a distance between the second light emitter and the third light emitter. As additionally depicted in the same image, the partition layer has a height in a range of about 15 μm to about 115 μm.



91.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

92.     Defendant's infringement has occurred with knowledge of the '133 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

93.     Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 6**
**INFRINGEMENT OF U.S. PATENT NO. 12,298,552**
**EXEMPLARY CLAIM 15**

94.     Planar has infringed and continues to infringe one or more claims of the '552 patent, including but not limited to exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

95.     As shown in the optical microscope image below, the Planar product includes a substrate, light emitters disposed on the substrate and configured to emit light, and an optical layer disposed on the substrate and configured to diffuse the light from the light emitter.



96.     The SEM image below is an enlarged cross-sectional view of an example light emitter. As shown therein, a reflector is disposed on the substrate and configured to reflect light emitted from the light emitter. As the image further illustrates, the substrate includes a first pad electrode

electrically connected to a first contact electrode of the light emitter and a second pad electrode electrically connected to a second contact electrode of the light emitter.



97.    As shown in the optical microscope image below of the mounting surface of an example light emitter, the light emitter has a first length in a first direction in which the first and second contact electrodes are arranged and a second length in a second direction substantially perpendicular to the first direction. As the image further illustrates, the first length of the light emitter is greater than the second length of the light emitter. In addition, as shown in the SEM image above, a gap between the first pad electrode and the second pad electrode is different from the first length or the second length, and the gap is greater than about 50 micrometers (μm).



98.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury

unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

99.    Defendant's infringement has occurred with knowledge of the '552 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

100.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 7**
**INFRINGEMENT OF U.S. PATENT NO. 10,069,048**
**<u>EXEMPLARY CLAIM 1</u>**

101.    Planar has infringed and continues to infringe one or more claims of the '048 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

102.    The Planar product includes a light emitting diode package, as shown in the SEM image below.



103.    The two FIB-SEM images below are enlarged cross-sectional views of portions of an example light emitting diode. A third image below was created using an optical microscope from the light-emitting side of the light emitting diode. As shown in the SEM images, the light emitting diode includes a semiconductor stack comprising a first conductive type semiconductor

32

layer, a second conductive type semiconductor layer and an active layer interposed between the first and second semiconductor layers. As all three images illustrate, the semiconductor stack includes external sidewalls on opposite sides of the semiconductor stack formed along the first conductive type semiconductor layer, the active layer and the second conductive type semiconductor layer. As additionally depicted in the same images, a first electrical contact is disposed to contact with the first conductive type semiconductor layer and to provide a first electrical contact path to the semiconductor stack, and a second electrical contact is disposed to contact with the second conductive type semiconductor layer and to provide a second electrical contact path to the semiconductor stack.





104.    As shown in additional FIB-SEM image below, an inner insulation layer formed over sides of the semiconductor stack to cover the external sidewalls of the semiconductor stack to protect the semiconductor stack from an external environment.



105.    As shown in the SEM image below, an outer insulation layer is formed over the sides of the semiconductor stack to cover a side surface of the inner insulation layer to provide additional protection of the semiconductor stack from the external environment.



106.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

107.    Defendant's infringement has occurred with knowledge of the '048 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

108.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

### COUNT 8
### INFRINGEMENT OF U.S. PATENT NO. 9,520,543
### <u>EXEMPLARY CLAIM 1</u>

109.    Planar has infringed and continues to infringe one or more claims of the '543 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

110.    The Planar product includes a light emitting diode module comprising a printed circuit board, and light emitting diodes bonded to the printed circuit board, as shown in the SEM and optical microscope images below.





111.    The two FIB-SEM images below are enlarged cross-sectional views of portions of an example light emitting diode. As shown therein, the light emitting diode comprises a first conductive-type semiconductor layer, a mesa placed on the first conductive-type semiconductor layer, the mesa-including an active layer and a second conductive-type semiconductor layer. The

35

image on the right shows a reflective electrode structure placed on the mesa, and an anti-diffusion reinforcing layer placed on the reflective electrode structure.



112.    The SEM image below is an enlarged cross-sectional view of the light emitting diode. As shown therein, the light emitting diode comprises a first electrode pad electrically connected to the first conductive-type semiconductor layer, and a second electrode pad electrically connected to the anti-diffusion reinforcing layer. As the image further illustrates, the first electrode pad and the second electrode pad are respectively bonded to corresponding pads on the printed circuit board via solder paste.



113.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury

unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

114. Defendant's infringement has occurred with knowledge of the '543 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

115. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 9**
**INFRINGEMENT OF U.S. PATENT NO. 7,667,225**
**<u>EXEMPLARY CLAIM 1</u>**

105. Planar has infringed and continues to infringe one or more claims of the '225 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

106. The Planar product includes a plurality of light emitting diodes, as shown in the cross-sectional SEM image below.



107. Below are three transmission electron microscope ("TEM") images of the epitaxial structure of an example light emitting diode. The image to the left shows the entire epitaxial structure above a patterned sapphire substrate. The image below middle enlarges the region of the

epitaxial structure around the multi-quantum well active layer. The image below right enlarges the multi-quantum well. The light emitting diode includes from bottom to top in relevant part a substrate, an n-type semiconductor layer, a multi-quantum-well structure, and a p-type semiconductor layer. The multi-quantum well structure comprises well layers that appear relatively bright and barrier layers that appear relatively darker.



108.    The well layers within the multi-quantum well include indium. In addition, the concentration of indium varies across the layer, with areas of relatively high indium concentration transitioning to areas of lower indium concentration. The regions of relatively higher indium concentration correspond to carrier trap portions. And the transition from relatively lower to relatively higher indium concentration corresponds to a related drop in the band-gap energy.

109.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

110.    Defendant's infringement has occurred with knowledge of the '225 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

111. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 10**
**INFRINGEMENT OF U.S. PATENT NO. 7,572,653**
<u>**EXEMPLARY CLAIM 1**</u>

112. Planar has infringed and continues to infringe one or more claims of the '653 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) and/or § 271(g), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

113. The Planar product includes a plurality of light emitting diodes, as shown in the SEM image below.



114. On information and belief, the method of fabricating the light emitting diodes comprises a step of preparing a patterned substrate. The prepared substrate as it exists in the final product is shown toward the bottom of the FIB-SEM images reproduced below.

39

115.    On information and belief, the method of fabricating the light emitting diode further comprises the step of forming a lower semiconductor layer, an active layer, and an upper semiconductor layer on the substrate. The resulting layers are shown in the FIB-SEM images reproduced below.



116.    On information and belief, the method of fabricating the light emitting diode further comprises the step of forming an etching stop pattern on a portion of the semiconductor layer, forming a photoresist pattern over the upper semiconductor layer and the etching stop pattern such that a sidewall of the photoresist pattern is inclined to an upper surface of the substrate, sequentially etching the upper semiconductor layer, active layer and lower semiconductor layer using the

photoresist pattern as an etching mask, and removing the photoresist pattern and the etching stop pattern. More specifically, the image above right shows a mesa that includes an active layer and an upper semiconductor layer. The angled nature of the edge of the mesa shown in the center of the above image is indicative of the above-described use of photoresist pattern that possessed a corresponding sloped surface during the etching process.

117.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

118.    Defendant's infringement has occurred with knowledge of the '653 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

119.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 11**
**INFRINGEMENT OF U.S. PATENT NO. 9,859,469**
**EXEMPLARY CLAIM 1**

120.    Planar has infringed and continues to infringe one or more claims of the '469 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

121.    The Planar product includes a plurality of light emitting diodes, as shown in the cross-sectional SEM image below.

41



122.    The two FIB-SEM images below are enlarged cross-sectional views of portions of the light emitting diode. As shown therein, the light emitting diode comprises a substrate, a first semiconductor layer disposed on the substrate, an active layer disposed on a portion of the first semiconductor layer, a second semiconductor layer disposed on the active layer, a first conductive layer disposed on a portion of the first semiconductor layer, and a second conductive layer disposed on the second semiconductor layer. As the images further illustrate, the light emitting diode comprises an insulating layer overlapping the first semiconductor layer, the second semiconductor layer, and the second conductive layer. The insulating layer has a first region having different thicknesses as indicated, for example, by the scoped portion of the insulating layer. The thickness of the first region varies along a direction extending across the second semiconductor layer. The insulating layer also has a second region having a substantially constant thickness.



123.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury

unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

124.  Defendant's infringement has occurred with knowledge of the '469 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

125.  Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 12**
**INFRINGEMENT OF U.S. PATENT NO. 9,397,269**
**EXEMPLARY CLAIM 1**

126.  Planar has infringed and continues to infringe one or more claims of the '269 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing Planar Leyard VDS Series 993-3887-00 within the United States.

127.  The Planar product includes a plurality of light emitting diodes, as shown in the cross-sectional SEM image below.



128.  The two FIB-SEM images below are enlarged cross-sectional views of portions of an example light emitting diode. The light emitting diode comprises a substrate, a first semiconductor layer formed on the substrate, an active layer formed on the first semiconductor

layer and configured to generate light, a second semiconductor layer formed on the active layer and having a complementary conductive type to the first semiconductor layer. The light emitting diode also includes a reflection pattern formed between portions of a protective insulating layer formed on the second semiconductor layer and configured to reflect light generated in the active layer.



129.    The FIB-SEM image below is a further enlarged cross-sectional view of the right-side SEM image above. As shown therein, the light emitting diode comprises a reflection pattern having a conductive barrier layer contacting the protective insulating layer. The reflection pattern further comprises a reflective metal layer formed on the second semiconductor layer and configured to reflect light. The conductive barrier layer shields top and side surfaces of the reflective metal layer. The reflection pattern further comprises a stress relaxation layer formed between the reflective metal layer and the conductive barrier layer and configured to absorb stress caused by a difference in coefficient of thermal expansion between the reflective metal layer and the conductive barrier layer.



130.    Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

131.    Defendant's infringement has occurred with knowledge of the '269 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

132.    Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Planar, as follows:

A.    A judgment that Defendant infringes the '838, '498, '876, '144, '133, '552, '048, '543, '225, '653, '469, and '269 patents;

B.    A preliminary and permanent injunction restraining and enjoining Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, joint ventures, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors

45

and assigns, from infringing the '838, '498, '876, '144, '133, '552, '048, '543, '225, '653, '469, and '269 patents;

C.    An award of damages to Plaintiffs arising from Defendant's past and continuing infringement of the '838, '498, '876, '144, '133, '552, '048, '543, '225, '653, '469, and '269 patents until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D.    A determination that Defendant's infringement of one or more of the '838, '498, '876, '144, '133, '552, '048, '543, '225, '653, '469, and '269 patents was willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E.    A determination that this is an exceptional case and awarding Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; an order awarding Plaintiffs the costs and expenses that they have incurred in prosecuting this action;

F.    An order awarding Plaintiffs pre- and post-judgment interest on their damages; and

G.    Such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiffs Seoul Semiconductor and Seoul Viosys respectfully request a jury trial on all issues so triable.

DATED: July 30, 2026                    Respectfully submitted,

/s/   *Steven J. Wingard*
Steven J. Wingard
Fed No. 404139
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Fed. No. 3833127
Texas Bar No. 24109672
sburbank@scottdoug.com

46

Robert ("Robby") P. Earle
Fed. No. 3897541
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Jennifer L. Jonak, Esq. (*pro hac vice forthcoming)*
Oregon Bar No. 115802
jenny@jonak.com
JONAK LAW GROUP, P.C.
1711 Willamette St, Suite 301, # 145
Eugene, OR 97401
Tel: (541) 525-9102

**ATTORNEYS FOR PLAINTIFFS**